UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM CAMPBELL,

                                         Plaintiff,

  -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, a public benefit corporation;
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT; Metropolitan Transportation
Authority Police Officer MICHAEL HERTLING (Shield
No. 2334), and "JOHN and/or JANE DOES" 1, 2, 3 etc.
(whose identities are unknown but who are known to be
personnel of the Metropolitan Transpiration Authority) all
of whom are sued in their individual capacities,

                                         Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL**

        Plaintiff WILLIAM CAMPBELL, by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint allege as follows:

## PRELIMINARY STATEMENT

        1.    This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries plaintiff suffered from the unconstitutional conduct of defendants METROPOLITAN TRANSPORTATION AUTHORITY ("MTA"), MTA POLICE DEPARTMENT, MTA Police Officers HERTLING, and "JOHN and/or JANE DOES" 1, 2, 3 etc.

        2.    Plaintiff seeks (i) compensatory damages for, *inter alia*, physical injuries, false imprisonment, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

7. Plaintiff WILLIAM CAMPBELL is a citizen of the United States and a resident of the State of New York. At all times relevant to this complaint, Plaintiff resided in New York County.

8. Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") is a public benefit corporation created pursuant to Section 1264 of the Public Authorities Law of the State of New York.

9. Pursuant to Public Authorities Law § 1266-h, the MTA is authorized to maintain a police force and does maintain the Metropolitan Transportation Authority Police Department ("MTA Police Department"), which acts as its agent in the area of law enforcement and for which

it is ultimately responsible. The MTA assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. At all times relevant to this complaint, defendants HERTLING and DOES were MTA Police Officers.

11. Defendants HERTLING and JOHN and/or JANE DOES were MTA Police Officers and other MTA employees who owed plaintiff a duty of care to protect him from violations of his constitutional rights and failed to do so.

12. At all times relevant herein, defendant Officers HERTLING and DOES acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the MTA, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the MTA.

13. At all times relevant herein, defendants HERTLING and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

## **COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

14. Plaintiff served a notice of intention to file a claim against the MTA with the New York State Attorney General's Office on July 12, 2017.

15. Plaintiff served a notice of claim with the MTA on or about July 10, 2018 and filed a petition to serve a late notice of claim in New York State Supreme Court, New York County on July 13, 2018.

16. On December 4, 2018, the Honorable Eileen A. Rakower granted plaintiff's petition and deemed the notice of claim timely served *nunc pro tunc*.

17.     More than thirty days have elapsed since plaintiff served his notice of claim and the MTA has not offered adjustment or payment of his claims.

## STATEMENT OF FACTS

18.     On April 16, 2017, at approximately 10:40 PM, plaintiff was using the men's restroom at Grand Central Terminal.

19.     As plaintiff was standing at a urinal, a man using the urinal next to him leaned over and looked at plaintiff's penis. Plaintiff then pushed that man away.

20.     After plaintiff pushed the man away, defendant Hertling jumped on plaintiff and said, "What are you doing you fucking fagot?" To which plaintiff replied, "nothing."

21.     Defendant Hertling then called plaintiff a "dirty homo."

22.     While handcuffing plaintiff, defendant Hertling, said "You're disgusting."

23.     Defendant Hertling applied the handcuffs so tightly that plaintiff's wrists bled.

24.     As defendant Hertling led plaintiff out of the restroom, he yelled to another MTA officer standing on the other side of the Grand Central Terminal food court, "Another pee pee case."

25.     Plaintiff was transported to the NYPD's Midtown South precinct where he was processed and falsely charged with: Endangering the Welfare of a Child, in violation of Penal Law 260.10(1); Criminal Possession of a Weapon in the Fourth Degree, in violation of PL 265.01(2); Public Lewdness, in violation of Penal Law 245.00; and Exposure of a Person, in violation of Penal Law 245.01.

26.     Defendant Hertling signed the criminal complaint, which falsely stated that there were children in the restroom at the time plaintiff was using the urinal, there were no children in the area; that plaintiff unlawfully exposed his penis, he did not, he was using the urinal; and that

plaintiff was carrying in his backpack a knife with a ten inch blade, he was not in possession of a knife.

27. Plaintiff was subsequently taken to New York County Criminal Court, where he pleaded not guilty to the charges. His bail was set at $1,000.00 cash or bond.

28. Upon information and belief, petitioner was not released on his own recognizance because he was falsely charged with crime involving a minor.

29. Plaintiff was unable to post bail immediately and was detained at the New York County Detention Facility for approximately 72 hours.

30. After approximately eight court appearances, plaintiff was acquitted of all charges after a suppression hearing and trial where defendant Hertling testified.

31. During his testimony, defendant Hertling made several inconsistent statements.

32. Defendant Hertling stated that despite the seriousness of the charge of Endangering the Welfare of a Child, he never noted the presence of any child in his arrest report or his memo book.

33. Defendant Hertling further claimed, for the first time during trial, that plaintiff engaged in the alleged criminal behavior after Defendant Hertling repeatedly instructed plaintiff to cease all activity.

34. As a result of the individual defendants' conduct, plaintiff sustained physical injuries that caused him substantial pain and suffering.

35. As a result of the individual defendants' conduct, plaintiff sustained loss of liberty, physical, emotional, and psychological pain, embarrassment, humiliation, harm to his reputation, and deprivation of his constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Individual Defendant Officers' Violations of**
**Plaintiff's Fourth and Fourteenth Amendment Rights**

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

37. In committing the acts and omissions complained of herein, HERTLING and DOES acted under color of state law to deprive plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. the right to be free from unreasonable search and seizure;

   b. the right to be free from arrest without probable cause;

   c. the right to be free from arrest without excessive force;

   d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent; and

   e. the right to be free from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by defendant Hertling; and

   f. the right to be free from deprivation of liberty without due process of law.

38. In committing the acts and omissions complained of herein, defendants HERTLING and DOES breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

39. As a direct and proximate result of defendants HERTLING and DOES' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

40. The unlawful conduct of defendants HERTLING and DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
**Violations of the New York State Constitution**

41. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 11, and 12, and including the following rights:

   a. freedom from unreasonable search and seizure of his person and property;

   b. freedom from arrest without probable cause;

   c. freedom from use of excessive force;

   d. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   e. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

   f. freedom from deprivation of liberty without due process of law.

43. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, he suffered the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
**Assault and Battery**

44. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

45. Defendants HERTLING and DOES, without just cause, wilfully and maliciously used physical force against plaintiff causing him injuries.

46. Defendants HERTLING and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights, and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION
### False Imprisonment

47. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

48. Defendants HERTLING and DOES, through the foregoing acts, caused Plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention he was aware and to which he did not consent.

49. Defendants HERTLING and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

50. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

51. Defendants HERTLING and DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

52. Defendants HERTLING and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Negligence

53. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54. Defendants HERTLING and DOES owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as MTA officers and the duty to protect citizens from the intentional misconduct of other MTA officers.

55. Defendants HERTLING and DOES, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

56. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of the injuries to plaintiff.

## SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

57. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

58. As police officers acting in the performance of their duties, defendants HERTLING and DOES owed plaintiff a duty of care.

59. In breach of that duty, Defendants HERTLING and DOES endangered plaintiff's safety and caused him to fear for his safety.

60. As a result, plaintiff suffered emotional distress.

## EIGHTH CAUSE OF ACTION
**Malicious Prosecution**

61. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

62. A criminal proceeding was commenced against plaintiff in New York County Criminal Court.

63. The proceeding was initiated based on false allegations by defendant HERTLING included in the criminal complaint.

64. The criminal proceeding was terminated in plaintiff's favor when the charges against him were dismissed.

65. There was no probable cause for any of the charges brought against plaintiff.

66. Defendant HERTLING committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and is therefore liable for punitive damages.

67. The MTA is vicariously liable for the conduct of the individual MTA Police Department defendant as set forth herein.

## NINTH CAUSE OF ACTION
**Negligent Hiring, Training, and Supervision Under State Law;
Defendant Metropolitan Transportation Authority**

68. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69. The MTA is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the MTA with regard to their aforementioned duties.

## TENTH CAUSE OF ACTION
### *Respondeat Superior*

70. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. At all relevant times, defendants HERTLING and DOES were employees of the MTA and were acting within the scope of their employment.

72. The MTA is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of defendants Police Officer HERTLING and DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from Police Officers HERTLING and DOES to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 13, 2018

/s/
_____
Meredith S. Heller
LAW OFFICE OF MEREDITH S.HELLER PPLC
99 Park Avenue, PH/26th Floor
New York, NY 10016
(646) 661-1808

/s/
_____
Keith Szczepanski
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

*Attorney for Plaintiff William Campbell*

12